IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VAUGHN JAMES | Criminal No. 25-117<br>[UNDER SEAL] |

FILED
APR 30 2025
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and V. Joseph Sonson, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Possession with intent to distribute 40 grams or more of fentanyl and protonitazene; 10 grams or more of fluorofentanyl, an analogue of fentanyl, and fentanyl, heroin, and protonitazene; 28 grams or more cocaine base; a quantity of methylenedioxy-methamphetamine; and a quantity of cocaine.<br>On or about June 14, 2023 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(B)(vi), and 841(b)(1)(C) |
| Two | Possession of a firearm and ammunition by a convicted felon.<br>On or about June 14, 2023 | 18 U.S.C. §§ 922(g)(1) & 924(e) |

| | | |
|---|---|---|
| Three | Possession of a firearm in furtherance of a drug trafficking offense<br>On or about June 14, 2023 | 18 U.S.C. § 924(c)(1)(A)(i) |

## II. **ELEMENTS OF THE OFFENSES**

### A. As to Count One:

For the crime of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(B)(vi) and 841(b)(1)(C), to be established, the government must prove the first three of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with intent to distribute a controlled substance charged in the Indictment.

2. That the defendant did so knowingly and intentionally.

3. That protonitazene, heroin, fluorofentanyl, and methylenedioxy-methamphetamine are Schedule I controlled substances, and cocaine base, cocaine, and fentanyl are Schedule II controlled substances, pursuant to federal law.

4. In order to hold the defendant responsible for the penalties set forth in 21 U.S.C. § 841(b)(1)(B)(vi), the government must prove beyond a reasonable doubt that the mixture or substance containing a detectable amount of fentanyl was 40 grams or more and/or that the mixture or substance containing a detectable amount of fluorofentanyl was 10 grams or more and that fluorofentanyl is an analogue of fentanyl. 21 U.S.C. § 841(b)(1)(B)(vi).

5. In order to hold the defendant responsible for the penalties set forth in 21 U.S.C. § 841(b)(1)(B)(iii), the government must prove beyond a reasonable doubt that the mixture or substance containing a detectable amount of cocaine base was 28 grams or more. 21 U.S.C. §

841(b)(1)(B)(iii).

  **B.** **As to Count Two:**

For the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

  1. The defendant knowingly possessed the firearm and/or ammunition described in Count Two of the Indictment;

  2. At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

  3. At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

  4. The defendant's possession was in or affecting interstate or foreign commerce.

  5. In order to subject the defendant to the penalties set forth in 18 U.S.C. § 924(e), the Government must prove that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another.

  **C.** **As to Count Three:**

For the crime of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant committed a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2); and

2. That the defendant knowingly possessed a firearm in furtherance of this crime.

### III. PENALTIES

**A.     As to Count One: possession with intent to distribute 40 grams or more of fentanyl (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)); possession with intent to distribute 10 grams or more of fluorofentanyl, an analogue of fentanyl (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)); and possession with intent to distribute 28 grams or more of cocaine base (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii)):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

**B.     As to Count One: possession with intent to distribute quantities of cocaine and/or heroin, and/or fentanyl, and/or protonitazene, and/or methylenedioxy-methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1. A term of imprisonment of not more than twenty (20) years.

      2.      A fine not to exceed $1,000,000.

      3.      A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

      1.      A term of imprisonment of not more than thirty (30) years.

      2.      A fine not to exceed $2,000,000.

      3.      A term of supervised release of at least six (6) years.

**C.      As to Count Two: possession of a firearm and ammunition by a convicted felon (18 U.S.C. §§ 922(g)(1) and 924(e)):**

      1.      A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 924(a)(8)). However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

      2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

      3.      A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

**D.      As to Count Three: possession of a firearm in furtherance of a drug trafficking offense (18 U.S.C. § 924(c)(1)(A)(i)):**

      1.      A term of imprisonment of not less than five (5) years nor more than life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the drug trafficking crime (18 U.S.C. § 924(c)(1)).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney


*/s/ V. Joseph Sonson*
V. JOSEPH SONSON
Assistant U.S. Attorney
PA ID No. 314864