IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.  Case No. 25-117

VAUGHN JAMES,
Defendant.

## BRIEF IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

AND NOW, comes the Defendant, Vaughn James, by and through his attorney, Robert Staley Carey, Jr., and files this Brief in Support of Motion to Suppress Evidence and in support hereof states the following:

**Background**

1. On June 14, 2023, law enforcement personnel executed a sealed federal search warrant at the residence located at 1614 McCully Road, Castle Shannon, PA 15214.
2. Upon entry into the residence, agents encountered the Defendant.
3. Upon execution of the warrant, law enforcement seized quantities of fentanyl, flourofentanyl, crack cocaine, MDMA, and a Glock 19 9mm semi-automatic pistol and ammunition.

**Discussion**

**(a.) The government will be unable to establish that the search of 1614 McCully Road was lawful because there was a lack of probable cause to establish a nexus between Vaughn James, any criminal activity attributable to Vaughn James and the target residence.**

The Fourth Amendment precludes the search of a home lacking a nexus to the alleged crimes. In order to establish probable cause, the affidavit must establish a nexus between the

target location and the crime under investigation.  *See United States v. Stearn*, 597 F.3d 540, 558 (3d Cir. 2010)*.*  In evaluating the nexus between the location and the crime, a magistrate's task is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him… there is a fair probability that contraband or evidence of a crime will be found in a particular place." ***Stearn, at 554, citing Gates, 462 U.S. at 238.***

*United States v. Stearn,* 597 F.3d 540 (3rd Cir. 2010)*,* and *United States v. Burton,* 288 F.3d 91 (3rd Cir. 2002) are landmark cases providing insight into drug investigations and warrants.  In *Stearn,* the Court did not make a decision regarding probable cause; however, the facts are instructive for the present analysis.  The affidavit noted that the origin of the investigation was a tip from a confidential informant.  Unlike the cooperators in the present case, the confidential informant in *Stearn* provided details that would link the drug trafficking activities to the residences searched.  The initial tip alerted investigators that the suspect ran his cocaine business from his house and from a garage that he converted into a gym.  ***See Stearn, at 545-546.***  Although the informant did not provide addresses for these residences, the tip did identify the street and block.  ***See Stearn, at 545.***  Surveillance corroborated the lead.  The garage/gym was located on the street and block provided by the informant.  ***See Stearn, at 564.***  Investigators verified that the suspect was the listed owner of the garage and the other property was listed to a female with the same last name as the suspect.  ***See id.***  The officers observed the suspect leaving the garage and soon thereafter he sold 3.5 grams of cocaine during a controlled buy.  ***See id.***  During surveillance, officers observed a white male leaving the garage to complete a sale of cocaine.  After the buy, the male returned to the garage where he was observed counting out and delivering currency to the suspect.  ***See id.***  The affidavit in *Stearn* documented that investigators obtained property records, real estate records and a water bill to establish ownership

2

of the target properties. *See id. at 546.* Importantly, during a surveillance operation, officers observed the suspect conducting brief meetings with two unidentified individuals at the target locations. *See id. Stearn* provides an example of the detail involved with establishing a connection between alleged criminal activity and the location to be searched. With respect to the affidavit to search 1614 McCully, this application is entirely absent of the evidence that the Third Circuit referenced with approval in *Stearn.*

The following factors in ***United States v. Burton, 288 F.3d 91 (3rd Cir. 2002)*** convinced the Third Circuit that the target residence was the home of the defendant and that the warrant was supported by probable cause. The affidavit noted that Burton told investigators that he lived at the target residence with his grandmother and a witness confirmed that the house was Burton's. *See Burton, at 104.* After a drug transaction, Burton was followed by police as he drove and parked near the target residence. *See id.* The Third Circuit also noted that the affidavit documented that "Burton was evasive about telling the Task Force his address." *See id.*

These often cited cases provide an instructive survey. The quality of evidence presented in the affidavits of these cases shows that the present affidavit failed to establish the required connection between 1614 McCully Road and Vaughn James' alleged drug trafficking. In *Stearn,* a confidential informant provided a tip that the suspect trafficked cocaine from a house and garage that was converted into a gym. Although the present affidavit mentions information received from confidential informants, none of these individuals made any reports regarding drug activity at 1614 McCully. The present affidavit reports that law enforcement worked with at least four confidential informants and one source of information. The only information relative to Vaughn James provided by any of these sources was a telephone number. Although cooperators participated in at least eight controlled buys, none of these operations were

purchases from Vaughn James. None of these operations involved 1614 McCully. Although the affidavit reports cooperators conducted at least fourteen consensual calls, none of the reported calls were to Vaughn James.

In *Stearn,* surveillance observed activity consistent with drug trafficking at the target locations. The affidavit in *Stearn* noted that the suspect was seen receiving funds and conducting brief meetings with unidentified individuals at the target location. The instant affidavit does not present any information documenting that drug activity was observed at 1614 McCully. Importantly, in both *Stearn* and *Burton* suspects were observed leaving and returning to the target residences during controlled buy operations. The instant affidavit does not meet this standard.

In this affidavit, Agent Zoller cites both *Stearn* and *Burton*. The case law is presented in support of the affiant's position that "even without direct observation of drug trafficking," a "nexus may be inferred." The complete failure to present any evidence tending to establish that 1614 McCully contained contraband undermines that affidavit's reliance on the *Burton* inference.

Factors that can establish the required nexus between and individual's drug dealing activities and his home include: large scale operations, the conclusions of experienced officers regarding where evidence of a crime is likely to be found, the proximity of the defendant's residence to the location of criminal activity, probable cause to arrest the defendant on drug-related charges, and the tip of a concerned citizen that a specific stolen item would be found in the defendant's residence. *See Stearn*, at 559-560. None of the *Stearn* factors are meaningfully addressed in this warrant. The affidavit comments on multiple controlled buys. None were conducted at 1614 McCully. Nobody was observed leaving from or returning to 1614 McCully

during the controlled buy operations. The affidavit documents information obtained from at least five cooperators. The only lead relevant to Vaughn James obtained from these sources was a telephone number. None of these citizens assisting law enforcement provided information regarding 1614 McCully. Importantly, the affidavit does not establish probable cause to arrest Vaughn James. In summary, the reliance on *Burton* is misplaced. The affidavit fails to establish that contraband would be found at 1614 McCully Road.

**(b.) A *Franks* hearing is required as the government will be unable to establish that the search of 1614 McCully Road was supported by probable cause when the affiant knowingly and with a disregard for the truth misrepresented facts in the warrant application.**

Upon an appropriate showing, a defendant has the right to an evidentiary hearing to challenge the truthfulness of statements made in a search warrant affidavit establishing probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). To establish that a hearing is warranted, *Franks* requires the defendant to make a substantial preliminary showing that the affidavit contained a false statement, which was made knowingly and intentionally or with reckless disregard for the truth, and which is necessary to the finding of probable cause. *Id.* at 155-56, 171. In order to make the substantial preliminary showing, the defendant cannot rest on mere conclusory allegations or a "mere desire to cross-examine," but rather must specifically identify the alleged false statements or omissions in the affidavit and present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses. *Id.* at 171; *see also United States v. Yusuf*, 461 F.3d 374, 383 n.8 (3d Cir. 2006). Statements or assertions contained in an affidavit of probable cause are "made with reckless disregard when 'viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (quoting *United*

5

*States v. Clapp*, 46 F.3d 795, 801 n.6 (8th Cir. 1995)). A district court "may properly infer that an affiant acted with reckless disregard for the truth where his affidavit contains an averment that was without sufficient basis at the time he drafted it." *United States v. Brown*, 631 F.3d 638, 649 (3d Cir. 2011).

If the requirements of the substantial preliminary showing "are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171-72. However, if the remaining content is insufficient, the defendant is entitled to a hearing. If a *Franks* hearing is held, and the defendant proves by a preponderance of the evidence that the false statements or omissions were made knowingly and intentionally or with a reckless disregard for the truth, and with the affidavit's false material set aside, the remaining content is insufficient to establish probable cause, then the warrant must be voided and the fruits of the search must be excluded from the trial. *Franks*, 438 U.S. at 156. *Id.* at 172.

The affidavit describes a December 2022 surveillance operation targeting Vaughn James. Paragraph 61 starts by explaining that "on a known date in the month of December 2022" electronic surveillance observed Vaughn James arrive at 373 Olivia Street in McKees Rocks. *Affidavit*, paragraph 61, at 32. From McKees Rocks, investigators followed Mr. James to a GetGo store on the South Side. *See id*. Investigators then followed Mr. James to the area of the Boulevard of the Allies in downtown Pittsburgh. *See id*. From downtown, the surveillance team followed Mr. James to the North Side. *See id*.

Law enforcement observed Mr. James park his vehicle on Peralta Street, "in the first available space on the north side of the road, east of" 826 Peralta Street. *Affidavit*, paragraph 63,

at 33. Agent Zoller explained the significance of 826 Peralta. "Moreover, during a 2022 investigation into PRESTON, which involved several controlled purchases of quantities of fentanyl and/or xylazine, two search warrants at residences were executed on <u>October 5, 2022</u>. Law enforcement executed one of the search warrants at 826 Peralta Street. The search resulted in the seizure of several packaged bricks of fentanyl/xylazine and a semi-automatic handgun were seized." *Affidavit*, paragraph 65, at 34 (emphasis added).

At paragraph 66, Agent Zoller stated his beliefs about the December 2022 surveillance of Vaughn James.

> 66. Based upon my training, knowledge, and experience; my direct involvement in this investigation; and the physical and electronic surveillance of **JAMES** and his conspirators, I believe that **JAMES** traveled to **TARGET LOCATION 1** and retrieved a quantity of drugs. I believe that **JAMES** then departed the **TARGET LOCATION 1** and transported the quantity of drugs to the aforementioned locations. I believe that **JAMES** then briefly met with the aforementioned conspirators, where **JAMES** supplied them with quantities of illicit drugs. Furthermore, I submit that law enforcement seized the same controlled substances distributed by **JAMES** from PRESTON'S residence during the execution of the search warrant.

*Affidavit*, paragraph 66, at 35.

Clearly, Agent Zoller's conclusion that in December 2022, Mr. James distributed controlled substances to Preston that were seized on October 5, 2022, is a chronologically false statement. Observations of Mr. James in December 2022, have no significance to items seized during an October warrant execution. If law enforcement seized the drugs in October, they were not available for delivery two months later.

Agent Zoller's statement is clearly impossible. Importantly, this is the only discreet link between Vaughn James and the alleged drug trafficking presented in the entire affidavit. The affidavit is absent of any specific tips linking Vaughn James to drug dealing. The affidavit does not describe any controlled buys from Vaughn James. There are no consent calls involving

7

Vaughn James. Without Agent Zoller's intentional false statement which does not implicate 1614 McCully, there is no probable cause to support the warrant as to Vaughn James.

**Good Faith Exception Does Not Apply**

The Third Circuit recognizes four situations in which reliance on a warrant is objectively unreasonable: "(1.) where the magistrate issues a warrant in reliance on an affidavit that is deliberately or recklessly false; (2.) where a magistrate abandons his judicial role and fails to execute a warrant in a neutral and detached manner; (3.) where the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; (4.) where the warrant is so facially deficient that it does not particularize with any specificity the place to be searched or the things to be seized. ***United States v. Hodge, 246 F.3d 301, 308 (3rd. Cir. 2001).*** The test used to determine whether the good faith exception applies is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." ***See Hodge, at 307.***

This affidavit is deliberately false. Paragraphs 61 through 66 describe December 2022 surveillance. Reportedly, investigators followed Mr. James to the North Side in the vicinity of a residence that was searched previously in October 2022. ***See Paragraph 65.*** The affiant reaches the following conclusion, "I submit that law enforcement seized the same controlled substances distributed by JAMES from PRESTON's residence during the execution of the search warrant." ***See Paragraph 66.*** It is not possible to seize drugs in October that weren't delivered until December. The affiant's conclusion regarding the December 2022 surveillance is a deliberate falsehood.

"Good faith is not a magic lamp for police officers to rub whenever they find themselves in trouble. And particularly where the affiant is also one of the executing officers, it is somewhat

disingenuous, after having gone to the magistrate with the paltry showing here, to suggest as the government suggests, that at bottom it was the magistrate who made the error and the search and seizure are insulated because the officer's reliance on that error was objectively reasonable." ***United States v. Zimmerman, 277 F.3d 426, 438 (3rd Cir. 2002).*** The scenario that the Third Circuit criticized in ***Zimmerman*** is exactly how the instant case transpired. Not only did Agent Zoller author an affidavit that failed to make a nexus between criminal activity and 1614 McCully Road, police reports document that he executed the warrant and he interviewed Mr. James. There was no exigency. The affidavit shows that the investigation transpired over a significant course of time. To proceed with the search of 1614 McCully Road was an obvious and prohibited violation of search and seizure law.

Additionally, the record is clear that Magistrate Judge Eddy abandoned her judicial role and executed this warrant that obviously violates the Fourth Amendment. The warrant reports that investigators relied on various surveillance techniques, including physical surveillance, video surveillance and electronic surveillance. The warrant notes that an electronic tracking device was approved by Judge Eddy and installed on a Ford Fusion operated by Marcus Valenti. ***Affidavit, paragraph 32, at 19.*** This is the only warrant referenced in the entire affidavit.

Electronic surveillance played a role in the investigation of Vaughn James. "Specifically, electronic surveillance revealed that **JAMES** arrived at the GetGo parking lot at approximately, 3:27p.m. and park next to a known vehicle." ***Affidavit, paragraph 61, at 33.*** The affidavit also reports, "On May 29, 2023, electronic surveillance revealed **TARGET VEHICLE 1** departed from **TARGET LOCATION 4** at approximately 2:01p.m." ***Affidavit paragraph 73, at 38.*** The detail of location and time reveals that this surveillance activity utilized techniques that required a warrant. Unlike the GPS warrant utilized to track Mr. Valenti's vehicle, the affidavit does not

9

mention any warrants that would enable investigators to electronically track Mr. James' movements. Judge Eddy abandoned her judicial role by rubber stamping this warrant that contained obvious Fourth Amendment violations. The good faith exception does not apply.

**Conclusion**

The defense requests a hearing to address the motion to suppress. The warrant application failed to present any evidence tending to establish a nexus between the alleged drug trafficking activity and 1614 McCully Road. The magistrate erred in granting the warrant to search the residence. The subsequent search and seizure of 1614 McCully Road was unconstitutional. Suppression is warranted.

Furthermore, there was no sufficient basis for the affiant to conclude that the contraband seized on October 5, 2022, was delivered by Mr. James in December 2022. Without this intentional false statement, the warrant fails to establish probable cause. Accordingly, the warrant should be set aside and the evidence seized in this investigation should be suppressed.

    Respectfully submitted,

    s/ *Robert Carey*

    Robert S. Carey, Jr.
    Attorney for Vaughn James